## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SUSAN MARIE HUNTER,**
**Next of Friend of Minor Children**
**C.H.T. and A.M.T.,**

      **Plaintiff,**

**vs.**                           **Case No. 1:17cv264-MW/CAS**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social**
**Security,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

      Defendant, the Acting Commissioner, has filed a motion to dismiss (motion) Plaintiff's Amended Complaint in which Plaintiff requests social security benefits on behalf of two minor children.  ECF No. 16.  Having considered the motion and supporting exhibits, ECF Nos. 16 and 17, and Plaintiff's responses (notice of objection and notice of default) and supporting exhibits, ECF Nos. 19-20, 22 (response and notice of objection with redacted information, like ECF No. 19, without redacted information), the motion should be granted.  (ECF No. 19 should be sealed by the Clerk. *See* ECF No. 22-1.)

Case No.: 1:17cv264-MW/CAS

I.

On October 24, 2017, Plaintiff filed a Complaint in this Court.[1]  ECF

No. 1.  On November 1, 2017, the Court ordered Plaintiff to file an

amended complaint and requested Plaintiff to "consider whether this case

is ripe for review or has been prematurely filed."  ECF No. 4 at 1.  The

Court noted that "[p]rior to seeking judicial review, a social security claimant

must have exhausted administrative remedies and complete each stop of

the administrative review process."  *Id.* at 1-2.  On November 21, 2017,

Plaintiff filed the First Amended Complaint (Amended Complaint) on the

---

[1]  Plaintiff, appearing pro se, seeks relief on behalf of two children.  Although not dispositive at this juncture in the case and not raised by Defendant, Plaintiff should be aware that a person appearing in federal court pro se may not represent others in the case and this principle applies to Plaintiff.

> Although individual parties in federal court generally "may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, the right to appear pro se is limited to parties conducting "their own cases" and does not extend to non-attorney parties representing the interests of others.  FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015).  Consequently, "'parents who are not attorneys may not bring a pro se action on their child's behalf.'"  *Id.* (quoting Devine v. Indian River Cty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997)).  Therefore, although a parent may file an application for disability benefits on his or her child's behalf and may seek review of a decision denying benefits, a parent may not bring a pro se action on the child's behalf.  *See* Whitehurst v. Wal-Mart, 306 F. App'x 446, 449 (11th Cir. 2008) (providing that although Federal Rule of Civil Procedure 17 authorizes a guardian to sue on behalf of a minor child, a nonlawyer parent cannot represent a child in an action on the child's behalf).

Figueroa v. Comm'r of Soc. Sec., No: 8:16-cv-1343-T-33JSS, 2016 U.S. Dist. LEXIS 130476, at *5 (M.D. Fla. Sept. 1, 2016), *adopted*, 2016 U.S. Dist. LEXIS 130341 (M.D. Fla. Sept. 23, 2016).  Plaintiff, as a non-attorney, may not bring a pro se action on behalf of the children or otherwise represent them in this action.  *Id.* at 5.

court-approved form.  ECF No. 5.  The Amended Complaint is filed on

behalf of two minor children, C.H.T. and A.M.T.  *Id.* at 1.  Plaintiff notes that

the basis for this Court's jurisdiction is for supplemental security income

(SSI) claim(s) under Title XVI.  *Id.* at 4.  Plaintiff states the Acting

Commissioner's decision is based on legal error because she, Plaintiff, "did

not receive 60 days notice that payment would be stopped and payment

was stopped without legal or lawful cause on August 1, 2017."  *Id.* at 4-

5.  It is alleged the children are disabled and dates of disability are

provided.  *Id.* at 6.

The Amended Complaint was served on Defendant, the Acting

Commissioner, ECF No. 15, and the motion to dismiss was filed on

February 16, 2018.  ECF No. 16.  The Exhibits referred to in the motion

were filed on February 21, 2018.  ECF No. 17.  On February 21, 2018,

Plaintiff was ordered to respond to the motion and on February 22, 2018,

Plaintiff filed a notice of objection to the motion and a notice of default.

ECF Nos. 19-20.  (On March 7, 2018, Plaintiff filed a redacted version of

ECF No. 19.  ECF No. 22.)  On February 28, 2018, an Order was issued

requesting Defendant to respond to the notice and memorandum, ECF No.

21, and a reply was filed on March 8, 2018.  ECF No. 23.

II.

Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments.  Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997), citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller).  "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  Brooks, 116 F.3d at 1369, quoting Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also* Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir.2005); *see also* Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d

1337, 1340 (11th Cir.2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.").

Plaintiff and Defendant refer to documents used at the Social Security Administration (SSA) level and provided copies to the Court.  *See* ECF Nos. 17 and 19; *see also* ECF No. 22 (like ECF No. 19).  There is no need to convert the motion to dismiss into one for summary judgment in this situation.  *See* Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-77 (11th Cir. 1999).  Plaintiff is now aware of at least some of the proceeding(s) before the SSA and does not dispute that there are potential opportunities for relief.  It was unnecessary to give Plaintiff notice under Rule 56(c) under these circumstances.  *See also* McBride v. Sharpe, 25 F.3d 962, 969-70 (11th Cir.), *cert. denied* 513 U.S. 990 (1994) (relying on Habeas Rule 9(b) concerning successive petitions and "abuse of the writ," the court considered the record from an earlier petition to determine whether five claims were successive), citing Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Boyer v. Board of County Comm'rs, 922

F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, citing <u>Mayer v.</u>
<u>Mylod</u>, 988 F.2d 635, 638 (6th Cir. 1993); <u>Mitchell v. Farcass</u>, 112 F.3d
1483, 1487 (11th Cir. 1997).  That purpose is fulfilled in this case.

III.

As an initial issue, Defendant's counsel is a member in good standing
of The Florida Bar and Plaintiff's assertion to the contrary, ECF No. 22 at 1-
2, is rejected.  *See* https://www.floridabar.org/directories/find-
mbr/?barNum=[ ] (date last seen Feb. 28, 2018).

IV.

In <u>Anderson v. Comm'r of Soc. Sec.</u>, 544 F. App'x 861 (11th Cir.
2013) (unpublished), the plaintiff appealed the district court's dismissal of
his pro se complaint filed pursuant to 42 U.S.C. § 405 (g), which sought
judicial review of the SSA's determination of his monthly amount of SSI.  *Id.*
at 861.  The Court affirmed holding that because the claimant had not yet
had a hearing before an ALJ, he had not exhausted his remedies.  *Id.*

"A social security claimant may obtain review under § 405(g) by filing
a civil action in federal district court, but only '<u>after</u> any final decision of the
Commissioner of Social Security made after a hearing.'  42 U.S.C. § 405(g)
(emphasis added)."  *Id.* at 861.  To obtain review under 42 U.S.C. § 405(g),
a social security claimant must have presented his claim for benefits to the

Commissioner and exhausted his administrative remedies. "'This means [the] claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived." *Id.* at 861 (quoting Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997)). "The administrative review process includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council." *Id.* at 862 (citing 20 C.F.R. § 404.900(a)(1)-(4)).

In Anderson, it was undisputed that the SSA had not yet acted on Anderson's request for an ALJ hearing and, accordingly, the ALJ had not yet held a hearing in the case nor issued a decision that the Appeals Council could review. Like Plaintiff, Anderson had not completed the administrative review process and had not exhausted available administrative remedies. *Id.* at 862. As a result, the Court affirmed dismissal of his complaint. *Id.*

V.

Defendant argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff did not exhaust her administrative remedies with respect to any SSA determination and has not obtained a judicially reviewable final decision. As a result, Defendant argues the Court does not have subject-matter jurisdiction and Plaintiff's Amended Complaint should

be dismissed.  ECF No. 16 at 8-16.  Defendant also argues that Plaintiff has not alleged any permissible basis for waiver of the administrative exhaustion requirement, including a challenge to the constitutional validity of the administrative procedures.  ECF No. 16 at 16-18.  Plaintiff is quite dissatisfied with the administrative process and requests this Court to grant affirmative relief.  ECF No. 22 at 6-9.

The procedural history of Plaintiff's quest for benefits (both granted and denied) on behalf of the two minor children, C.H.T. and A.M.T., before the SSA is set forth in a declaration of Lila Bailey, a Lead Specialist in the SSA's Center for Disability and Program Support (CDPS) for the Atlanta Region.  ECF No. 17-1 at 1-6.  The salient facts from the declaration, as contradicted by Plaintiff, follow.

In 2007, SSA granted C.H.T. SSI benefits based on an application filed by Plaintiff.  *Id.* at 1.  In 2008, SSI granted A.M.T. SSI benefits based on an application filed by Plaintiff.  *Id.* at 2.  After conducting a continuing disability review of A.M.T.'s file, SSA issued a medical cessation determination November 2014, informing Plaintiff that A.M.T.'s payments were stopped because disability requirements were no longer met.  *Id.* Plaintiff filed a request for reconsideration and elected to have A.M.T.'s

benefits continued pending appeal of the medical cessation determination. *Id.*

In May 2017, SSA initiated non-medical redetermination reviews for determining the children's eligibility for SSI.  In May 2017, notices were sent to Plaintiff advising "that the children's SSI payments might stop if Plaintiff did not respond to the request or contact SSA by June 3, 2017, to explain why she had not responded."[2]  *Id.*  Apparently, Plaintiff did not appear for her appointment on May 18, 2017, and a second notice was sent to Plaintiff to appear at the field office by June 3, 2017, or the children's SSI payments would stop.  *Id.* at 2-3.  Plaintiff did not show up for the appointment and SSA has no record of the appointment notices being returned as undeliverable.  *Id.* at 3.

---

[2]  Plaintiff states that she "sent notice to [an individual] regarding the failure to provide the wage determination letter received from the STATE OF FLORIDA that was being used as a fraudulent basis for requesting a waste determination review and [ the same individual] refused to respond."  ECF No. 22 at 2.  Plaintiff needed the wage determination letter for the redetermination hearing.  *Id.*  Plaintiff also had identity theft concerns.  *Id.* at 2-3.  Defendant and other agents "refused to provide a copy of" the wage determination letter.  *Id.* at 2-3.  Plaintiff states that she did not receive a 60-day notice of July 5, 2017, that the payments would be turned off.  *Id.* at 3.  Plaintiff expected SSI payments to cover the children's basic necessities until August 1, 2018.  *Id.* at 3.  "The payment was discontinued August 1, 2018 [sic] causing harm without 60 days notice that the payment would be turned off.  Claimant never received the notice."  *Id.*  Plaintiff reiterates that she "never received a July 5, 2017 notice and because Claimant never received the notice was not provided the information required to request a reconsideration.  Claimant never received a response or the information of why the [SSI] payments were discontinued."  ECF No. 22 at 5.

On July 5, 2017, SSA mailed Plaintiff a Notice of Planned Action regarding both children indicating an intent to lower their SSI payments to zero because Plaintiff did not give SSA relevant information.  *Id*.  On July 6, 2017, Plaintiff emailed a complaint "'regarding threats' to stop SSI payments to" the children.  *Id.*  On August 10, 2017, Plaintiff "sent an email to SSA's Office of Public Inquiries, complaining about the suspension of her children's SSI."  *Id.*  Attempts to contact Plaintiff by phone on August 18, 2017, were not successful as were prior attempts to reach her by mail.  *Id*. at 4.

"On August 30, 2017, SSA was notified by the Department of the Treasury's Office of the Inspector General (OIG), Office of Investigations, that Plaintiff had sent the OIG several emails complaining about the suspension of the children's SSI."  *Id.*  The declarant further states:

> 15.  Plaintiff never contacted the field office to complete the redetermination reviews, which are required in order to resume payments for C H.T. And A.M.T.  Plaintiff never filed a request for reconsideration of the decisions to suspend their SSI payments.

> 16.  In addition to not responding to requests for C.H.T.'s and A.M.T.'s non-medical redetermination reviews, Plaintiff failed to appear at a hearing for A.M.T. scheduled for October 25, 2017, before Administrative Law Judge (ALJ) Douglas A. Walker regarding the November 2014 medical cessation determination. As noted above in ¶ 10, A.M.T.'s SSI payments were stopped in July 2017 due to Plaintiff's failure to complete the non-medical redetermination  review. [*But see supra* at n.2]

17.  The hearing for A.M.T. was rescheduled for December 20, 2017, because Plaintiff stated the location of the previous hearing was too far away for her to attend.

18.  On December 6, 2017, the Office of Hearing Operations (OHO) sent Plaintiff an appointment reminder to her new address on file: [address provided] (Ex. E at 1).   On December 18, 2017, OHO phoned Plaintiff s mother and left a message for Plaintiff, reminding her to be present for the hearing on December 20, 2017, at 1:00 p.m. (Ex. E at 2).   Plaintiff failed to appear at the December 20, 2017, hearing.[3]

19.  On January 10, 2018, ALJ Walker issued an Order of Dismissal, dismissing the request for a hearing regarding the medical cessation of A.M.T.'s SSI for Plaintiff s failure to appear at the hearing (Ex. F at 4-5).   The Notice of Dismissal that accompanied the Order of Dismissal informed Plaintiff that she had 60 days from receipt of the notice to file an appeal with the Appeals Council (Ex. F at 1-2).   The Notice of Dismissal also stated that Plaintiff could ask the ALJ to vacate the Order of Dismissal, but that asking the ALJ to do so would not extend the time to file an appeal with the Appeals Council (Ex. F at 1).

20.  On January 24, 2018, OHO received a letter from Plaintiff addressed to ALJ Walker stating that his Order of Dismissal was in error (Ex. G.).   She also stated that she needed a hearing before an ALJ (Ex. G).[4]

---

[3]  Plaintiff states she "never received notice of a December 20th 2018 [sic] hearing nor had a telephone conversation confirming that Claimant would be at a December 20, 2018 [sic] hearing.  Any statements contrary are a lie.  Claimant have continuously given notice that the Claimant require communications be in writing."  ECF No. 22 at 3.  Plaintiff asserts that ALJ Walker "was given Notice that Claimant did not receive a telephone call or notice of a December 20, 2018 [sic] hearing or a copy of his oath of office . . . ." *Id.*

[4]  Plaintiff states that "[t]he first document claimant received dated December 20, 2018 [sic] exhibit c regarding discontinued payment and there is a discrepancy on what day the letter and and [sic] the validity of the document stating information claimant provided because the Social Security Income payment to be lowered claimant sent a copy of the notice of change in payment and concerns regarding the discrepancies directly to [Plaintiff] Exhibit D and she failed to respond as is her duty."  ECF No. 22 at 4

ECF No. 17-1 at 3-4.

VI.

Plaintiff argues that "this case is a Special Case and the exceptional circumstances are the due process violation" of the children's "rights protected by the constitution."  ECF No. 22 at 6.  Plaintiff's arguments, for the most part, are related to her assertion that she never received required notices through no fault of hers.  ECF No. 22 at 2-9.  Defendant argues:

> Plaintiff has not completed the administrative appeal process with respect to any of SSA's determinations, including the suspension of C.H.T.'s and A.M.T.'s SSI payments for non-compliance and the medical cessation of A.M.T.'s SSI eligibility (Doc. 16 at 12; Doc. 17-1, Bailey Decl. ¶ 15, Ex. F).  If Plaintiff did not agree with the decision to suspend C.H.T.'s and A.M.T[.]'s SSI for failure to provide needed information, she should have filed a request for reconsideration within 60 days of receiving the notices of planned action, which she failed to do (Doc. 16 at 12; Doc. 17-1, Bailey Decl. ¶ 15).  The notices clearly explained how to submit a request for reconsideration, but Plaintiff did not follow those instructions (Doc. 16 at 12; Doc. 17-1, Bailey Decl. ¶ 15, Ex. C at 2-4, 9-11).

> If Plaintiff does not agree with the dismissal of her request for a hearing regarding the medical cessation of A.M.T[.]'s SSI, she must-before bringing a civil action-pursue the matter through Appeals Council review (Doc. 16 at 13; Doc. 17-1, Ex. F at 1-2).  *See* 20 C.F.R. § 416.1467 (2017). [footnote omitted]  As this Court reminded Plaintiff in its Order (Doc. 21 at 1), she has until March 16, 2018, to request that the Appeals Council vacate the dismissal action and order the administrative law judge (ALJ) to grant her a hearing to determine whether A.M.T. remains disabled on a medical basis (Doc. 16 at 13; Doc. 17-1, Ex. F at 2).  *See id.* §§ 416.1458, 416.1460(a).

---

and Exhibit C.

> If, after a hearing, the ALJ issues an unfavorable decision, Plaintiff would then need to request review by the Appeals Council prior to filing an action in district court (Doc. 16 at 13-14).  *See id.* §§ 416.1467, 416.1468(a).  Only if Plaintiff receives a "final decision . . . made after a hearing," may she obtain judicial review under 42 U.S.C. § 405(g) (Doc. 16 at 14).

ECF No. 23 at 2-3.

Plaintiff consistently argues that she never received the July 5, 2017, notice nor notice regarding the December 20, 2017, hearing before ALJ Walker.  *See, e.g.*, ECF No. 22 at 6; *see also supra* at nn.2-4.  On the other hand, Plaintiff wants "to set the record straight" and receive and provide accurate information to Defendant regarding the state of the record regarding her claim that benefits should not discontinue for the children.  ECF No. 22 at 7.  Plaintiff further asserts that discontinuing benefits for the children has caused the children to suffer.  *Id.* at 6.

VII.

Notwithstanding Plaintiff's challenge to the SSA proceedings and process, when reduced to its essence, Plaintiff would like to be heard on the suspension of SSI payments to the children and the lack of a hearing for A.M.T. regarding the medical cessation determination.  These are the types of administrative determinations that require exhaustion of administrative remedies.

As noted by Defendant, "the proper forum for Plaintiff's complaints is through the administrative appeals process, not federal court."  ECF No. 23 at 6.  Importantly, as stated by Defendant, "it is not too late for Plaintiff to pursue Appeals Council review of the ALJ's order of dismissal.  She has until March 16, 2018, to request that the Appeals Council vacate the dismissal action and order the ALJ to grant her a hearing to determine only whether A.M.T. remains disabled on a medical basis" and "although the time for Plaintiff to request reconsideration of the suspension determinations has past, . . . C.H.T.'s SSI could be reinstated if Plaintiff provides SSI the needed information for the non-medical determination review."  *Id.* at 6, n.3.  Nevertheless, Defendant further states that "A.M.T.'s SSI cannot be reinstated on that basis because her payments ended due to the medical cessation determination."[5]  *Id.*  Defendant provides Plaintiff with several potential remedies within the administrative process.  ECF No. 23 at 6-7.

Plaintiff requests this Court to review her claims and provide her relief without proceeding through the administrative process that is designed to allow claimants the opportunity to have hearings and fact-finding through

---

[5]  The Court makes **no** determination regarding Defendant's assertions as to factual and legal issues that may be foreclosed.  *See, e.g.*, ECF No. 23 at 6, n.3.

an ALJ.  In that process, a suitable record is prepared and a final determination made prior to invoking the jurisdiction of this Court.  It is the role of the factfinder, usually an ALJ, to resolve disputed facts and disputed issues of fact such as whether a claimant received appropriate notice of proposed action or not or ultimate issues such as whether a claimant is entitled to benefits.  Here, notwithstanding her complaints of lack of notice and other matters, Plaintiff has not exhausted available administrative remedies.  For example, that process remains available as she has several days remaining to request action by the Appeals Council.[6]

Based on the foregoing, Plaintiff has not exhausted her available administrative remedies and Defendant's motion to dismiss should be granted.  *See* <u>Anderson</u>.  Accordingly, it is respectfully recommended that Defendant's motion to dismiss be **GRANTED** and the Amended Complaint

---

[6]  Plaintiff is again reminded of the **March 16, 2018**, deadline mentioned by Defendant in the motion to dismiss, ECF No. 16 at 6, 13, 17, the Order, ECF No. 18 at 2-3, and most recently in Defendant's reply, ECF No. 23 at 6, n.3.  Defendant has offered that opportunity notwithstanding this pending action.  With a 14-day window to file objections, *see* below, it is most likely this case will not be resolved by the district court judge prior to March 16th.

be dismissed and Plaintiff's Notice of Default, ECF No. 20, stricken.

**IN CHAMBERS** in Tallahassee, Florida, this 12th day of March, 2018.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**